IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ADRIANNA ALCARAZ,<br><br>       **Plaintiff,**<br>v.<br><br>VIVIANA HELTON, and MONTY HELTON,<br><br>       **Defendants.** | **MEMORANDUM DECISION AND ORDER PERMITTING PLAINTIFF TO FILE AMENDED COMPLAINT**<br><br>Case No. 2:23-cv-00631<br><br>Magistrate Judge Dustin B. Pead |

On September 15, 2023, the court granted Plaintiff Adrianna Alcaraz's ("Plaintiff" or Ms. Alcaraz") motion for leave to proceed in forma pauperis and Plaintiff's complaint against Defendants Viviana and Monty Helton (collectively "Defendants") was placed on the court docket.[1]

Because Ms. Alcaraz proceeds in forma pauperis, the court reviews the sufficiency of the pleading under the authority of 28 U.S.C. § 1915.[2] For the reasons set forth herein, the court finds the complaint deficient but allows Mr. Rodriguez to file an amended complaint to correct these deficiencies by **November 17, 2023.**

---

[1] ECF No. 4, Order Granting Leave to Proceed In Forma Pauperis; ECF No. 5, Complaint.

[2] 28 U.S.C. § 1915(e).

## STANDARD OF REVIEW

1.       **Screening Under 28 U.S.C. § 1915**

Under the in forma pauperis statute, the court shall, at any time, dismiss a case if it determines that the action is: "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[3] The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[4] To help facilitate that objective, the in forma pauperis statute provides the court with power to not only dismiss a claim based on an indisputably meritless legal theory, "but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[5] When determining whether to dismiss for failure to state a claim, the court employs the same standard used to analyze motions to dismiss under Federal Rule of Civil Procedure 12.[6]

To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[7] The court accepts well-pleaded allegations as true

---

[3] 28 U.S.C. § 1915(e)(2)(B)(i-iii).

[4] *Trujillo v. Williams,* 465 F.3d 1210, 1216 (10th Cir. 2006) (*citing Neitzke v. Williams,* 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

[5] *Id.*

[6] *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007); Fed. R. Civ. P. 12(b)(6).

[7] *Hogan v. Winder,* 762 F.3d 1096, 1104 (10th Cir. 2014) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[8]

### 2.   Jurisdiction

In general, two types of cases are heard in federal court: (1) cases involving diversity of citizenship of the parties; and (2) cases involving a federal question.

Diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . .citizens of different States."[9] On the other hand, federal question jurisdiction applies when Plaintiff's civil action arises "under the Constitution, laws or treaties of the United States."[10] Facts set forth in Plaintiff's complaint must affirmatively allege subject matter jurisdiction and a court should presume "that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper."[11] The burden of establishing jurisdiction is on the party asserting it[12] and the court has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[13]

---

[8] *Wilson v. Montano,* 715 F.3d 847, 852 (10th Cir. 2013).

[9] 28 U.S.C. § 1332(a)(1).

[10] 28 U.S.C. § 1331.

[11] *United States v. Poole,* 531 F.3d 263, 274 (4th Cir. 2008) (*citing Kokkonen v Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)).

[12] *Bell Colo. Ltd. v. Related WestPac, LLC,* 2011 U.S. Dist. LEXIS 12031 at *10 (D. Colo. Feb. 3, 2011) ("A plaintiff has the burden of establishing, by a preponderance of the evidence, facts sufficient to show that subject matter jurisdiction exists.").

[13] *Image Software, Inc. v. Reynolds & Reynolds Co.,* 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks omitted); Fed. R. Civ. P. 12(h)(3).

3.     **Pro Se Litigants**

As a pro se litigant, the Court construes Plaintiff's complaint liberally and holds Plaintiff's pleadings to a less stringent standard than formal pleadings drafted by lawyers.[14] Yet even under a liberal review, Plaintiff is not excused from compliance with federal pleading requirements or from stating a claim for which relief may be granted.[15] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[16] Further, it "is not the proper function of the Court to assume the role of advocate for a pro se litigant,"[17] and the court should not "supply additional facts, [or] construct a legal theory . . . that assumes facts that have not been pleaded."[18]

## DISCUSSION

I.     **Plaintiff Fails To Allege Subject Matter Jurisdiction**

A.     **Diversity of Citizenship**

It is unclear from the complaint if Plaintiff's action involves an amount in controversy exceeding $75,000. Additionally, Plaintiff does not establish diversity of citizenship among the parties.[19] Instead, Plaintiff concedes that she is a resident of Magna, Utah and Defendants are residents of West Valley City, Utah. Because the named parties are Utah citizens, complete diversity of citizenship is not satisfied.

---

[14] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[15] *Id.* at 1009; *see also* Fed. R. Civ. P. 8; 28 U.S.C. §1915(e)(2)(B)(i)(ii); Fed. R. Civ. P. 12(b)(6).

[16] *Jenkins v. Currier,* 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[17] *Hall*, 935 at 1110.

[18] *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied,* 493 U.S. 1059, 107 L. Ed. 2d 954, 110 S. Ct. 871 (1990).

[19] 28 U.S.C. § 1332(a)(1).

### B. Federal Question

In order to maintain federal question jurisdiction, a civil action must arise" under the Constitution, laws, or treaties of the United States."[20] Here, Plaintiff does not make any allegations of actions by Defendants arising under the Constitution, federal law or treatises of the United States. Upon review of the complaint, it appears that Plaintiff alleges claims for assault and trespass. Plaintiff does not, however, identify any federal constitutional provision, law or treatise under which such causes of action arise.

Accordingly, based on the complaint, subject matter jurisdiction cannot be established because there is not complete diversity of the parties and there is no federal question, or any other basis for jurisdiction, alleged.

### II. Even If The Court Had Subject Matter Jurisdiction, The Complaint Fails To State A Claim Upon Which Relief May Be Granted.

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[21] The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22] To properly state a claim for relief in federal court, Plaintiff must craft a pleading that explains "what each defendant did to [Plaintiff]; when the defendant did it; how the defendant's action harmed [Plaintiff]; and, what specific legal right the [P]laintiff believes the defendant violated."[23]

---

[20] 28 U.S.C. § 1331.

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic* 550 U.S. at 570)).

[22] *Id.*

[23] *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007).

Here, Plaintiff's complaint lacks coherent factual allegations and fails to state a plausible claim for relief. While Plaintiff indicates the date, time and location of events, she fails to provide any factual conduct explaining the relationship between herself and Defendants or addressing the context in which the relevant events occurred. Importantly, Plaintiff neglects to address what legal right she believes was violated and does not identify any supporting federal authority. Overall, Plaintiff's complaint fail to support any cognizable claims for relief.

Because Plaintiff fails to establish jurisdiction and because the complaint fails to provide factual content that allows the court to reasonably infer that Defendants are liable for any misconduct, it is subject to dismissal.[24] Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[25]

## CONCLUSION

The court ORDERS as follows:

1. Ms. Alcaraz may file an amended complaint by **November 17, 2023.** The words "Amended Complaint" must appear in the caption of the document.

2. Ms. Alcaraz is advised that an Amended Complaint will completely replace all prior versions of the complaint and claims which are not realleged will be deemed abandoned.[26]

---

[24] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[25] *Kay,* 500 F.3d at 1217 (internal quotation marks omitted).

[26] *See Pierce v. Williams*, No. CIV 20-284-RAW-SPS, 2020 U.S. Dist. LEXIS 185074, at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect.") (*citing Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).

      3.      Once filed, the court will screen the Amended complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).

      4.      Other than an Amended Complaint, the restriction on filing motions or other documents set forth in the court's September 15, 2023 Order[27] remains in place.

      5.      Failure to file a timely Amended Complaint may result in dismissal of this action.

DATED this 20 October 2023.

                                                 Magistrate Judge Dustin B. Pead
                                                 United States District Court for the District of Utah

---

[27] ECF No. 4.