IN THE UNITED STATE DISTRICT COURT

STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ADRIANNA ALCARAZ,<br><br>                    Plaintiff,<br><br>vs.<br><br>VIVIANA HELTON and MONTY HELTON,<br><br>                    Defendants. | MEMORANDUM DECISION & ORDER<br><br>Case No.  2:23-cv-00631<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

Plaintiff Adrianna Alcaraz, proceeding *in forma pauperis* and without counsel, filed this action against Viviana Helton and Monty Helton.[1]

After screening Alcaraz's complaint under 28 U.S.C. § 1915(e)(2)(B) and identifying deficiencies, the court permitted Plaintiff to address those deficiencies and file an amended complaint by November 17, 2023.[2] On October 27, 2023, Alcaraz filed her Amended Complaint.[3] Upon review, Plaintiff's Amended Complaint fails to correct the deficiencies identified in the initial pleading and, for the reasons set forth herein, is dismissed for failure to state a claim.

---

[1] ECF No. 5, Complaint.

[2] ECF No. 9, Memorandum Decision and Order Allowing Plaintiff to File Amended Complaint.

## **LEGAL STANDARDS**

Whenever a court authorizes a party to proceed *in forma pauperis*, the court must review the case under 28 U.S.C. § 1915(e)(2).[4] Under this statute, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[5] In making this determination, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[6] To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[7] The court accepts well-pleaded factual allegations as true, viewing them in the light most favorable to the plaintiff and drawing all reasonable inferences in the plaintiff's favor.[8] But the court need not accept a plaintiff's conclusory allegations as true.[9] "[A] plaintiff must offer specific factual allegations to support each claim."[10]

Because Plaintiff proceeds pro se, her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[11] Still, pro se plaintiffs must

---

[3] ECF No. 10, Amended Complaint.

[4] 28 U.S.C. § 1915(e)(2)(B)(ii).

[5] *Id.*

[6] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[7] *Hogan v. Winder,* 762 F.3d 1096, 1104 (10th Cir. 2014) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547 (2007)).

[8] *Wilson v. Montana,* 715 F.3d 847, 852 (10th Cir. 2013).

[9] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Kan. Penn Gaming, LLC v. Collings,* 656 F.3d 1210, 1213 (10th Cir. 2011).

[11] *Hall,* 935 F.2d at 1110.

"follow the same rules of procedure that govern other litigants."[12] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[13]

While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements,"[14] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[15]

## DISCUSSION

Although Alcaraz utilized the court-approved form to file her amended pleading, upon review, the court remains unable to: (1) determine the nature of Plaintiff's claims; or (2) determine if Defendants acted under color of state law.

Alcaraz's amended pleading asserts federal question jurisdiction and generically states a claim for a "Civil right[s]" and "Tentent [sic] Rights" violations.[16] Plaintiff further identifies Defendants Viviana Helton and Monty Helton (collectively "Defendants') as citizens of the State of Utah who reside in West Valley City and are employed as a "Processing Operator" and

---

[12] *Garrett v. Selby, Connor, Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005).

[13] *Jenkins v. Currier,* 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[14] *Hall,* 935 F.2d at 1110.

[15] *Smith v. United States,* 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[16] ECF No. 10 at 3.

"CSR".[17]

To state a valid civil rights claim under 42 U.S.C. § 1983,[18] the plaintiff must allege that "(a) some person has deprived him of a federally protected right, and (b) the person who has deprived him that right acted under color of state law."[19] If both of these "elements are not alleged, the complaint fails to state a claim under § 1983."[20] Here, Alcaraz's amended pleading alleges neither. Nowhere in the amended complaint does Plaintiff indicate what federally protected civil rights were violated. Plaintiff's grievances alone do not create the violation of a federal right and the court is not required to speculate as to which civil rights Alcaraz contends may have been violated. In turn, Alcaraz fails to explain how the Defendants violated her rights while acting under "color of law". Plaintiff mentions an "assault" and "trespass", but does not provide any connection between these actions, the Defendants and the state. Generally, "[p]urely private acts which are not furthered by an actual or purported state authority are not acts under color of state law."[21]

---

[17] *Id.* at 2.

[18] Plaintiff also fails to state a claim under 42 U.S.C. § 1985. To state a valid claim for conspiracy, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants." *Tonkovich v. Kan. Bd. of Regents,* 159 F.3d 504, 533 (10th Cir. 1998) (discussing conspiracy under § 1983).

[19] *Houston v. Reich,* 932 F.2d 883, 890 (10th Cir. 1991).

[20] *Edward v. Shanelec,* 1998 U.S. Dist. LEXIS 21175 at * 8 (D. Kan. Aug. 12, 1998).

[21] *Jojola v. Chavez,* 55 F.3d 488, 493 (10th Cir. 1995) (quoting *Barna v. City of Perth Amboy,* 42 F.3d 809, 816 (3rd Cir. 1994)); *see also Heineke v. Santa Clara Univ.,* 965 F.3d 1009, 1012 (9th Cir. 2020) (quoting *Sutton v. Providence St. Joseph Med. Ctr.,* 192 F.3d 826, 835 (9th Cir. 1999) ("Section 1983 excludes from its reach merely private conduct, no matter how discriminatory or

The duty to liberally construe pro se complaints "does not require a court to conjure allegations on a litigant's behalf"[22] and the court will not manufacture a civil rights claim for Plaintiff.[23] Further, the court previously identified deficiencies in Plaintiff's original complaint and ordered her to amend. However, Alcaraz's amended pleading fails to state a claim for relief and therefore dismissal is appropriate.[24] the court previously identified the deficiencies set forth above and ordered Plaintiff to amend her complaint. Plaintiff failed to do so and therefore

---

wrong")). Under certain circumstances, a private individual may be liable under § 1983 for a constitutional violation, but "a plaintiff must show . . . that the individual's conduct is 'fairly attributable to the State." *Pino v. Higgs,* 75 F.3d 1461, 1465 (10th Cir. 1996) (*quoting Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 73 L. Ed. 2d 482, 102 S. Ct. 2744 (1982)).

[22] *Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v Edwards,* 22 F. Appx 579, 580 (6th Cir. 2001)).

[23] *Chapman v. Pier 1 Imports Inc.,* 631 F.3d 939, 954 (9th Cir. 2011) (en banc) ("[A] liberal interpretation of a . . . civil rights complaint may not supply essential elements of [a] claim that were not initially pled") (citation and internal quotation omitted).

[24] *Kay,* 500 F.3d at 1217 (internal quotation marks omitted) ("Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give h[er] an opportunity to amend").

## **ORDER**

Because Plaintiff's amended complaint fails to state a cognizable claim this action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

DATED this 14th day of November 2023.

BY THE COURT

_____
DUSTIN B. PEAD
Magistrate Judge
United States District Court